**Electronically Filed
Intermediate Court of Appeals
29980
16-SEP-2011
08:21 AM**

NO. 29980

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOSEPH ANDREW BRUNER, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1707)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge and Ginoza, J.,
with Leonard, J., dissenting separately)

Defendant-Appellant Joseph Andrew Bruner (Bruner) appeals from the Judgment of Conviction and Sentence, filed on July 2, 2009 in the Circuit Court of the First Circuit (Circuit Court).[1]

Bruner pled guilty to Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-62(a)(2) (Supp. 2009). After a jury trial, Bruner was found guilty of Habitually Operating a Vehicle Under the Influence of an Intoxicant (Habitual OVUII), in violation of HRS §§ 291E-61.5(a)(1) and (a)(2) (Supp 2009).

---

[1] The Honorable Patrick W. Border presided.

On appeal, Bruner contends (1) the charge of Habitual OVUII was deficient because it failed to state that he committed the offense on a public way, street, road, or highway, (2) the Circuit Court abused its discretion by allowing a police officer to testify about a field sobriety test administered to Bruner because the State failed to lay the proper foundation for the officer's testimony, and (3) there was insufficient evidence to convict Bruner of Habitual OVUII.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, Bruner's points of error are resolved as follows:

(1) In the Circuit Court, Bruner did not object to the sufficiency of the Habitual OVUII charge for failure to state the offense was committed on a public way, street, road or highway, and instead raises this issue for the first time on appeal. Therefore, the liberal construction standard applies, which means "we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." State v. Tominiko, No. SCWC-29535, 2011 WL ____, at 16 (Haw. Aug. 26, 2011) (quoting State v. Motta, 66 Haw. 89, 90, 657 P.2d 1019, 1019 (1983)).

Here, Bruner makes no contention that he has been prejudiced by the charge. Further,

> in determining whether a defendant has been adequately
> informed of the charges against him, the appellate court can
> consider other information in addition to the charge that
> may have been provided to the defendant during the course of
> the case up until the time defendant objected to the
> sufficiency of the charges against him.

State v. Wheeler, 121 Hawaiʻi 383, 396, 219 P.3d 1170, 1183 (2009). See also, State v. Sprattling, 99 Hawaiʻi 312, 318-21, 55 P.3d 276, 282-85 (2002) (court reviewed record and information provided to defendant prior to challenge of the charge in

2

determining defendant's right to be informed was not violated); State v. Treat, 67 Haw. 119, 120, 680 P.2d 250, 251 (1984) (dismissal of indictment reversed because, prior to consideration of dismissal motion, defendant "had been supplied with the grand jury transcript which clearly established the details of the crime, [and] he had been fully informed of the nature and cause of the accusation against him.").

In this case, witness David Parker (Parker) testified that Bruner was operating a vehicle on Mokapu Saddle Road. Officer Hamrick testified that Mokapu Saddle Road was a public road. Officer Moszkowicz's declaration to establish probable cause stated that "Mokapu Saddle Road is a public way, street, road, or highway." All of this information was provided to Bruner during the Circuit Court proceedings and prior to his raising sufficiency of the charge as an issue on appeal. Therefore, the charge was not deficient under the liberal construction standard.

(2) Bruner claims that Officer Hamrick's testimony regarding Bruner's field sobriety testing should have been excluded for lack of foundation. Bruner's motion in limine objected to testimony about the field sobriety testing, inter alia, on grounds there needed to be qualified expert testimony. Officer Hamrick's testimony was not expert testimony. As to foundation issues, during the hearing on Bruner's motion in limine, the Circuit Court stated that Bruner would need to make objections based on lack of foundation at trial. This was appropriate as the Circuit Court would need to base its rulings as to foundation upon the testimony that was elicited. At trial, Bruner's counsel did not make a timely objection to Officer Hamrick's extensive testimony regarding Bruner's performance on the field sobriety tests. Rather, no objection based on foundation was raised until after the close of evidence and just prior to settling of jury instructions. Therefore, the point of

3

error is waived. Hawaii Rules of Evidence, Rule 103(a); <u>see also</u> <u>Lee v. Elbaum</u>, 77 Hawai'i 446, 452-53, 887 P.2d 656, 662-63 (App. 1993); <u>State v. Crisostomo</u>, 94 Hawai'i 282, 290, 12 P.3d 873, 881 (2000). The Circuit Court did not abuse its discretion in allowing Officer Hamrick to testify regarding the field sobriety testing results.

(3) There was sufficient evidence to convict Bruner of Habitual OVUII. Bruner stipulated that he had been convicted three times of operating a vehicle under the influence of an intoxicant within ten years of the instant offense, which satisfied HRS §§ 291E-61.5(a)(1) and (b). Parker testified that on October 26, 2008 he had been cut off by a vehicle while driving on Mokapu Saddle Road which caused him to veer into the shoulder of the road. Parker stated that he followed the vehicle that cut him off and saw Bruner exit from the driver's seat. Officer Hamrick testified that Mokapu Saddle Road is a public road. Parker testified that he smelled alcohol on Bruner's breath. Officer Hamrick also testified that he smelled alcohol on Bruner's breath. Officer Hamrick stated that after administering the horizontal gaze nystagmus test, Bruner appeared not to have a smooth gaze. Officer Hamrick also stated while performing the walk-and-turn test, Bruner lost his balance, could not touch his heel to his toes in a straight line, and took too many steps which indicated that Bruner's blood alcohol content was 0.10 or more. Bruner also could not complete the one-leg stand test which indicated to Officer Hamrick that Bruner's blood alcohol content was 0.10 or above. There was thus sufficient evidence that Bruner operated or assumed actual physical control of a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment of Conviction and Sentence, filed on July 2, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 16, 2011.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge